UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GEORGE WILLIAMS,

**CV12 - 1552**

Plaintiff,

v.

KEITH SWACK, SEAN WARNER,
MATTHEW RADDEMACHER AND
ERIC HIBSCH,

**AMON, CH.J.**

Defendants.

**AZRACK, M.J.**

*FILED CLERK*
*U.S. DISTRICT COURT*
*EASTERN DISTRICT*
*OF NEW YORK*
*2012 MAR 29  PM 1:51*

---

**TO:  United States District Court Eastern District of New York**

## NOTICE OF REMOVAL

This Notice of Removal is submitted by Joseph M. LaTona, Esq. attorney

for defendant Eric Hibsch.  Pursuant to 28 USC Sections 1441 and 1446 defendant

Eric Hibsch seeks to remove the above-captioned matter from the Supreme Court,

State of New York, County of Kings to the United States District Court for the

Eastern District of New York.  In support of said Notice, defendant Hibsch states

as follows:

## PROCEDURAL HISTORY

1.     Plaintiff George Williams filed his Summons with Notice in the

Kings County Clerk's Office on January 17, 2012 (Index Number 988/12).  The

Summons with Notice was served on each of the four named defendants by personal service on February 28, 2012.

2.      On March 15, 2012 attorneys for defendants Hibsch, Warner and Swack served a Demand for Verified Complaint pursuant to CPLR 3012(b) on plaintiff's attorney.  On March 22, 2012 attorney Effman on behalf of defendant Raddemacher served a Demand for Verified Complaint on plaintiff's counsel.

3.      By letter dated March 21, 2012 plaintiff's attorney served a Verified Complaint on the attorneys for defendants Hibsch, Warner and Swack. By letter dated March 22, 2012 plaintiff's attorney served the attorney for defendant Raddemacher with a Verified Complaint.

### PARTIES/JURISDICTION

4.      The Summons with Notice and the Verified Complaint assert federal claims.  This Court has Federal Question jurisdiction of this action pursuant to 28 USC Section 1331.

5.      The plaintiff is alleging that the named defendants violated his federal civil rights including his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.  Plaintiff further alleges he is entitled to recover money damages pursuant to 42 USC Section 1983.

6.      The amount in controversy as stated in the Summons with Notice

2

exceeds the jurisdictional threshold in this Court; plaintiff indicates in the

Summons with Notice that he seeks compensatory damages in the amount of Ten

Million ($10,000,000.00) Dollars, along with punitive damages, interest, costs and

disbursements in unspecified amounts.

7.      Venue is proper pursuant to 28 USC Section 1441(a) as this is the

Federal District Court for the District embracing the place where the State Court

lawsuit is currently pending.

8.      This Notice of Removal is filed with this Court "within (30) days

after the receipt by the defendants through service or otherwise of a copy of the

initial pleading setting forth the claim for relief upon which such action or

proceeding is based...." See 28 USC Section 1446(b).

## Consent of All Defendants

9.      As indicated above, a Verified Complaint has been served upon all

defendants who are represented by counsel as indicated.  All defendants consent to

the removal of this action to the United States District Court for the Eastern

District of New York.  (See Exhibits A through C: Exhibit A, Letter from Cheryl

Meyers Buth, Esq., attorney for defendant Sean Warner consenting to removal;

Exhibit B, Letter of Joel L. Daniels, Esq., attorney for Keith Swack consenting to

removal; Exhibit C, Letter from Norman Effman, Esq., attorney for Matthew

Raddemacher consenting to removal).

## **Procedural Requirements**

10.    As required by 28 USC Section 1446(d), a copy of this Notice of

Removal is being served upon plaintiff by and through his attorney of record and

is being filed with the Clerk of the Court, Supreme Court, County of Kings.

11.    An index of all documents filed to date in the State Court action is

attached as Exhibit "D" pursuant to 28 USC 1446(a) and Local Rule 81.1(b) and

copies of all documents filed in the State Court action are attached hereto as

Exhibit "E".

WHEREFORE, defendant Hibsch files this Notice of Removal so that the

entire State Court action under Index Number 988/12 now pending in the State of

New York, Supreme Court, County of Kings may be removed to this Court for all

further proceedings.

DATED:    Buffalo, New York
          March 28, 2012

                              Respectfully submitted,

                              Joseph M. LaTona, Esq.
                              Attorneys for Defendant Eric Hibsch
                              403 Main Street, Suite 716
                              Buffalo, New York 14203
                              (716) 842-0416

4

TO:   EDWARD SIVIN, ESQ.
      Attorney for Plaintiff
      170 Broadway, Suite 600
      New York, New York 10038
      (212) 349-0300

CC:

      JOEL L. DANIELS, ESQ.
      Attorney for Defendant Keith Swack
      42 Delaware Avenue, Suite 700
      Buffalo, New York 14202
      (716) 856-5140

      NORMAN EFFMAN, ESQ.
      Attorney for Defendant Matthew Raddemacher
      18 Linwood Avenue
      Warsaw, New York 14569
      (585-786-8450

      CHERYL MEYERS BUTH, ESQ.
      Attorney for Defendant Sean Warner
      403 Main Street, Suite 716
      Buffalo, New York 14203
      (716) 853-2888

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GEORGE WILLIAMS,

Plaintiff,

v.

KEITH SWACK, SEAN WARNER,
MATTHEW RADDEMACHER AND
ERIC HIBSCH,

Defendants.

## CERTIFICATE OF SERVICE

I, Sandra Wright, hereby certify that on March 28, 2012, I mailed the foregoing Notice of Removal to DocPrep Paralegal Services for personal delivery and filing with the Clerk of the District Court and I personally sent a copy of the Notice of Removal by the U.S. Postal Service to the following:

EDWARD SIVIN, ESQ.
Attorney for Plaintiff
170 Broadway, Suite 600
New York, New York 10038
(212) 349-0300

JOEL L. DANIELS, ESQ.
Attorney for Defendant Keith Swack
42 Delaware Avenue, Suite 700
Buffalo, New York 14202
(716) 856-5140

6

NORMAN EFFMAN, ESQ.
Attorney for Defendant Matthew Raddemacher
18 Linwood Avenue
Warsaw, New York 14569
(585-786-8450

CHERYL MEYERS BUTH, ESQ.
Attorney for Defendant Sean Warner
403 Main Street, Suite 716
Buffalo, New York 14203
(716) 853-2888

KINGS COUNTY SUPREME COURT
360 Adams Street
Brooklyn, NY 11201

Sandra Wright

# EXHIBIT A

LAW OFFICES OF
**THOMAS H. BURTON**
403 Main Street, Suite 716
Buffalo, New York 14203-2109
(716) 853-2888 Fax: (716) 853-2892

March 28, 2012

Joseph M. LaTona, Esq.
403 Main Street, Suite 716
Buffalo, New York 14203

RE:   Williams v. Warner, et al.

Dear Mr. LaTona:

On behalf of my client, Sean Warner, please be advised that we consent to removal of this lawsuit from Kings County Supreme to the United States District Court for the Eastern District of New York.

Sincerely,

Cheryl Meyers Buth, Esq.

CMB:cmr

cc:   Joel L. Daniels, Esq.
Norman Effman, Esq.

# EXHIBIT B

# JOEL L. DANIELS

*Admitted in New York and Florida*

———————————————————— Attorney at Law ————————————————————

42 Delaware Avenue • Suite 700
Buffalo. New York  14202
(716) 856-5140 • Facsimile: (716) 856-3106
E-Mail Address: jdaniels38@aol

March 28, 2012

Joseph LaToan, Esq.
403 Main Street, Suite 716
Buffalo, NY   14203

> **RE:   *People v. Hibsch, Raddemacker, Swack & Warner***
> ***Indictment No.   6599***

Dear Mr. LaTona:

Please be advised that on behalf of my client Keith Swack, we consent to the removal of this lawsuit from Kings County Supreme Court to the United States District Court for the Eastern District of New York.

Best regards,

JOEL L. DANIELS

JLD/kag

# EXHIBIT C

# NORMAN P. EFFMAN
## ATTORNEY AT LAW

18 Linwood Avenue
Warsaw, New York 14569
(585) 786-8450

42 Delaware Avenue - Suite 700
Buffalo, New York 14202
cell (585) 721-6859

March 28, 2012

Joseph M. LaTona
Attorney at Law
403 Main Street
Suite 716
Buffalo, New York 14203

Re: Williams v. Warner, et al.

Dear Mr. LaTona:

On behalf of my client, Matthew Rademacher, please be advised that we consent to removal of this lawsuit from Kings County Supreme Court to the United States District Court fo the Eastern District of New York.

Very truly yours,

NORMAN P. EFFMAN

NPE/su

xc: Matthew Rademacher
    Joel Daniels, Esq.
    Cheryl Meyers Buth, Esq.

EXHIBIT D

Indexed of pleadings served in State Court Action:

1.   Summons with Notice;
2.   Demand for Complaint;
3.   Verified Complaint.

EXHIBIT E


(copies of all documents referenced in the index)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GEORGE WILLIAMS,

                              Plaintiff

            -against-

KEITH SWACK, SEAN WARNER,
MATTHEW RADDEMACHER and ERIK HIBSCH,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff designates
Kings County as the
place of trial

Basis of venue is
plaintiff's residence at
171 Linden Blvd.
Brooklyn, NY 11226

**SUMMONS**
**WITH NOTICE**

Index No. 988/12

**TO THE ABOVE NAMED DEFENDANTS:**

**SUMMONS:**      YOU ARE HEREBY SUMMONED to appear in this action and are required to serve a notice of appearance or a demand for the complaint on plaintiff's attorney within twenty (20) days after the service of this summons with notice, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and, in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

**NOTICE**

**NATURE OF ACTION:**  This is an action to recover damages for personal injuries, including pain and suffering, physical and emotional damage, medical expenses, and other economic loss, sustained by plaintiff as a result of being brutally attacked, assaulted and battered by defendants on August 9, 2011 inside Attica Correctional Facility, Attica, New York.  It is also asserted that each of the defendants intentionally failed to intervene to prevent his co-defendants from continuing their attack on plaintiff, despite having the ability and opportunity to do so.  It is also asserted that after the attack, defendants filed and/or caused to be filed written reports against plaintiff in which they knowingly made false allegations against plaintiff, which resulted in plaintiff being unjustly punished.

**Federal Claims:**  It is alleged that the aforesaid actions of defendants violated plaintiff's federal civil rights, including his rights under the Fourth, Eighth and Fourteenth Amendments to the US Constitution, and entitle plaintiff to recover monetary damages pursuant to 42 USC § 1983.

2012 JAN 17 AM 10: 00

RECEIVED
KINGS COUNTY CLERK

**State Law Claims:**  In the event it is determined that any of the aforementioned acts or failures to act was outside the scope of the defendants' employment or not in the discharge of the defendants' duties as agents, servants and/or employees of the State of New York, within the meaning of New York Corrections Law § 24, plaintiff also seeks to recover damages from those defendants under state law claims of assault and battery and intentional infliction of emotional distress.

**RELIEF REQUESTED:**  Plaintiff seeks from all defendants compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, with punitive damages and interest, costs and disbursements of this action.

Dated:  New York, New York
        January 17, 2012



Yours, etc.
SIVIN & MILLER, LLP

By_____

Edward Sivin
Attorneys for plaintiff
170 Broadway, Suite 600
New York, NY  10038
(212) 349-0300



To:

Keith Swack
Sean Warner
Matthew Raddemacher
Erik Hibsch

'12/2/6

Index No. _7 8 8_          Year 2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

GEORGE WILLIAMS,

               Plaintiff,

     -against-

KEITH SWACK, SEAN WARNER,
MATTHEW RADDEMACHER and ERIK HIBSCH,

             Defendants.

## SUMMONS WITH NOTICE

**SIVIN & MILLER, LLP**
Attorneys for Plaintiff
170 Broadway, Suite 600
New York, NY 10038
(212) 349-0300
FAX (212) 406-9462

Certification Pursuant to 22 NYCRR §130-1.1a

      Edward Sivin hereby certifies that, pursuant to 22 NYCRR § 130-1.1a, the foregoing Summons
with Notice is not frivolous nor frivolously presented.

                                             EDWARD SIVIN

Dated:  New York, New York
       January 17, 2012

STATE OF NEW YORK
SUPREME COURT : COUNTY OF KINGS

_____

GEORGE WILLIAMS,

                              Plaintiff,

          vs.                                          **DEMAND FOR COMPLAINT**

KEITH SWACK,                                           Index No. 988/12
SEAN WARNER,
MATTHEW RADDEMACHER and
ERIK HIBSCH,

                              Defendants.

_____

          PLEASE TAKE NOTICE on behalf of defendant, ERIK HIBSCH, I hereby

demand, pursuant to CPLR §3012(b), that a Verified Complaint be served within twenty (20)

days at 403 Main Street, Suite 716, Buffalo, New York 14203.

DATED:     March 16, 2012
           Buffalo, New York                    Yours, etc.,


                                                _____
                                                JOSEPH M. LaTONA, ESQ.
                                                Attorney for Defendant,
                                                  ERIK HIBSCH
                                                Office and Post Office Address
                                                716 Brisbane Building
                                                403 Main Street
                                                Buffalo, New York 14203
                                                (716) 842-0416

TO:   EDWARD SIVIN, ESQ.
      Sivin & Miller LLP
      Attorney for Plaintiff
      170 Broadway, Suite 600
      New York, New York 10038
      (212) 349-0300

# SIVIN & MILLER, L.L.P.

Attorneys at Law
170 Broadway
Suite 600
New York, New York 10038



Glenn D. Miller
Edward Sivin*

———————

*also member of NJ Bar

March 21, 2012

Phone: (212) 349-0300
Fax:    (212) 406-9462

Joel L. Daniels, Esq.
42 Delaware Ave., Suite 700
Buffalo, NY  14202

Thomas H. Burton, Esq.
403 Main St., Suite 716
Buffalo, NY  14203

Joseph M. LaTona, Esq.
403 Main St., 716 Brisbane Bldg.
Buffalo, NY  14203

Re:  Williams v. Swack, et. al.

Dear Counsel:

Enclosed is plaintiff's Verified Complaint responsive to demand for same by defendants Keith Swack, Sean Warner and Erik Hibsch.  I have not received a Notice of Appearance or Demand for Complaint on behalf of defendant Matthew Raddemacher.

Thank you for your attention to this matter.

Very truly yours,

Edward Sivin

ES/lo
Encl.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GEORGE WILLIAMS,

               Plaintiff,

                                     **VERIFIED COMPLAINT**

       -against-

KEITH SWACK, SEAN WARNER,               Index No.  988/12
MATTHEW RADDEMACHER and ERIK HIBSCH,

              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff, by his attorneys Sivin & Miller, LLP, as and for his complaint against defendants herein, alleges as follows, upon information and belief:

## THE PARTIES

       1. That plaintiff currently is a resident of the County of Kings, City and State of New York.

       2. That at all times herein mentioned, and specifically on August 9, 2011, plaintiff was an inmate at the Attica Correctional Facility (Attica), under the care, custody and control of the New York Department of Corrections and Community Supervision (DOCCS).

       3. That at all times herein mentioned, defendant Keith Swack (Swack) was a corrections officer employed at Attica by DOCCS.

       4. That at all times herein mentioned, defendant Sean Warner (Warner) was a corrections officer employed at Attica by DOCCS.

       5. That at all times herein mentioned, defendant Matthew Raddemacher (Raddemacher) was a corrections officer employed at Attica by DOCCS.

6. That at all times herein mentioned, defendant Erik Hibsch (Hibsch) was a corrections officer employed at Attica by DOCCS.

7. That at all times herein mentioned, defendants were acting within the course and scope of their employment with DOCCS.

8. That at all times herein mentioned, defendants were acting under color of state law.

9. That at all times herein mentioned, defendants acted intentionally, maliciously, and with conscious disregard for plaintiff's safety and rights.

## FACTUAL BACKGROUND

10. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

11. That on August 9, 2011, inside Attica Correctional Facility, Swack, Warner, Raddemacher and Hibsch collectively, and in concert with each other, intentionally, maliciously and without justification physically attacked plaintiff.

12. That the aforesaid physical attack included, but was not limited to, punching and kicking plaintiff multiple times in the head and body, slamming plaintiff against a wall, and throwing plaintiff down a stairway.

13. That each of the defendants also intentionally failed to intervene to prevent his fellow corrections officers from continuing their attack on plaintiff, despite having the ability and opportunity to do so.

14. That during the aforementioned attack, defendants also shouted racial epithets at plaintiff.

15. That as a result of the aforementioned conduct by defendants, plaintiff sustained numerous physical and psychological injuries and extreme emotional distress, endured and will continue to endure pain and suffering and a loss of enjoyment of life, incurred and will continue to incur economic loss, and has been otherwise damaged.

16. That on August 9, 2011, following the aforementioned attack, defendants authored and/or engineered written statements and reports falsely accusing plaintiff of various crimes, offenses and rules violations.

17. That at the time they authored and/or engineered the aforesaid written statements and reports, defendants knew that the allegations contained in the statements and reports were false.

18. That at the time they authored and/or engineered the aforesaid written statements and reports, defendants knew or intentionally disregarded a substantial possibility that the statements and reports would result in disciplinary measures taken against plaintiff by DOCCS.

19. That at the time they authored and/or engineered the aforesaid written statements and reports, defendants knew or intentionally disregarded a substantial possibility that the statements and reports would result in disciplinary measures against plaintiff that would cause plaintiff severe emotional distress.

20. That as a result of the aforesaid false statements and reports, disciplinary measures were taken against plaintiff by DOCCS, including confinement of plaintiff to a punitive Special Housing Unit (SHU), resulting in atypical and significant hardship in relation to the ordinary incidents of prison life

21. That as a result of the aforesaid false statements and reports, plaintiff sustained severe emotional distress.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)

22.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

23.  That the aforementioned acts by defendants were in violation of rights guaranteed to plaintiff under the Fourth Amendment to the US Constitution to be free from unreasonable seizures, the Eighth Amendment to the US Constitution not to be subject to cruel and unusual punishment, and the Fourteenth Amendment to the US Constitution not to be deprived of life, liberty or property without due process of law.

24.  That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
### (State Law Cause of Action: Battery)

25.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

26.  That in the event it is determined that any of the aforementioned acts or failures to act alleged against defendants was performed outside the scope of the defendants' employment or not in the discharge of the defendants' duties as officers of DOCCS, within the meaning of New York Corrections Law § 24, plaintiff is entitled to recover damages from those defendants under a state law cause of action for battery.

## THIRD CAUSE OF ACTION
### (State Law Cause of Action: Intentional Infliction of Emotional Distress)

27.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

28. That in the event it is determined that any of the aforementioned acts or failures to act alleged against defendants was performed outside the scope of the defendants' employment or not in the discharge of the defendants' duties as officers of DOCCS, within the meaning of New York Corrections Law § 24, plaintiff is entitled to recover damages from those defendants under a state law cause of action of intentional infliction of emotional distress.

29. That all of the causes of action herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

WHEREFORE, plaintiff seeks judgment against defendants, and each of them, on the aforementioned causes of action, for compensatory damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter, and for punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter; and

Plaintiff seeks attorney's fees pursuant to 42 U.S.C. § 1988; and

Plaintiff seeks interest and the costs and disbursements of this action.

Dated: New York, New York
March 21, 2012

Yours, etc.
SIVIN & MILLER, LLP

By_____
Edward Sivin
Attorneys for plaintiff
170 Broadway, Suite 600
New York, NY 10038
(212) 349-0300

## VERIFICATION

EDWARD SIVIN, an attorney duly admitted to practice law in the State of New York, hereby affirms the following, under penalty of perjury:

That I am the attorney for the plaintiff(s) in the within action.

That I have read the foregoing complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be upon information and belief; and as to those matters I believe it to be true.

That the reason this verification is made by your affirmant and not by the plaintiff(s) is that plaintiff(s) does not reside in the County where your affirmant maintains his office.

That the grounds for your affirmant's belief as to all matters not stated upon my knowledge are as follows: records, reports, facts and documents contained in plaintiff(s) file maintained by your affirmant's office.

Dated: New York, New York
      March 21, 2012

_____
EDWARD SIVIN

Index No.  988/12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

GEORGE WILLIAMS,

        Plaintiff,

    -against-

KEITH SWACK, SEAN WARNER,
MATTHEW RADDEMACHER and ERIK HIBSCH,

        Defendants.

## VERIFIED COMPLAINT

**SIVIN & MILLER, LLP**
Attorneys for Plaintiff
170 Broadway, Suite 600
New York, NY 10038
(212) 349-0300
FAX (212) 406-9462

Certification Pursuant to 22 NYCRR §130-1.1a

        Edward Sivin hereby certifies that, pursuant to 22 NYCRR § 130-1.1a, the foregoing Verified Complaint is not frivolous nor frivolously presented.

_____
EDWARD SIVIN

Dated: New York, New York
      March 21, 2012

# SIVIN & MILLER, L.L.P.
Attorneys at Law
170 Broadway
Suite 600
New York, New York 10038

Glenn D. Miller
Edward Sivin*

_____

*also member of NJ Bar

March 22, 2012

Phone: (212) 349-0300
Fax:    (212) 406-9462

MAR 2 6 2012

Norman P. Effman, Esq.
18 Linwood Avenue
Warsaw, NY 14569

Re: Williams v. Swack, et. al.

Dear Counsel:

Enclosed is plaintiff's Verified Complaint responsive to demand for same by defendant Matthew Raddemacher.

Thank you for your attention to this matter.

Very truly yours,

Edward Sivin

ES/lo
Encl.

Cc:  Joel L. Daniels, Esq. (w/o encl.)
     Thomas H. Burton, Esq. (w/o encl.)
     Joseph M. LaTona, Esq. (w/o encl.)