UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GEORGE WILLIAMS,

        Plaintiff

v.

KEITH SWACK, SEAN WARNER,
MATTHEW RADDEMACHER AND
ERIC HIBSCH,

        Defendants.

DEFENDANT MATTHEW RADDEMACHER'S ANSWER TO PLAINTIFF'S COMPLAINT

Case No.: 12-cv-01552

---

Defendant, MATTHEW RADDEMACHER, by and through his attorney, Norman Effman, as and for his Answer to the Complaint herein, states:

1. Denies each and every allegations contained in paragraphs 9, 11, 12, 13, 14, 16, 17, 18 and 19 of the Complaint.

2. Admits the allegation contained in paragraph 5 of the Complaint.

3. Denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraphs 1, 2, 8, 15, 20 and 21 of the Complaint.

1

4. As to paragraphs 3, 4 and 6, no response is necessary as these allegations are directed to one or more of the other answering Defendants; nevertheless this answering Defendant denies knowledge and information sufficient to form a belief s to those allegations.

5. As to paragraphs 10, 22, 25 and 27, this answering Defendant repeats and realleges his answers with the same force and effect as if fully set forth herein.

6. As to paragraphs 23, 24, 26, 28 and 29, no response is necessary as the Plaintiff asserts a legal conclusion; nevertheless to the extent an answer is deemed necessary this answering Defendant denies knowledge and information sufficient to form a belief as to the allegations in these paragraphs.

7. Admits only so much of the allegations contained in paragraph 7 of the Complaint as to defendant Raddemacher that at all times relevant he acted pursuant to the policies, regulations, and orders of the New York State Department of Corrections and/or applicable New York State law and that all times relevant was acting in good faith and denies knowledge and information sufficient to form a belief as to any remaining allegations.

8. Denies any matters not specifically admitted or otherwise addressed in this Answer.

## AS AND FOR HIS FIRST
## AFFIRMATIVE DEFENSE

9. Plaintiff's Complaint fails to state a cause of action.

## AS AND FOR HIS SECOND
## AFFIRMATIVE DEFENSE

10. The damage alleged in the Complaint was caused, in whole in part, by the culpable conduct attributable to the Plaintiff.

## AS AND FOR HIS THIRD
## AFFIRMATIVE DEFENSE

11. Plaintiff has failed to mitigate his damages.

## AS AND FOR HIS FOURTH
## AFFIRMATIVE DEFENSE

12. Plaintiff's damages against this defendant are limited by Article 16 of the CPLR.

## AS AND FOR HIS FIFTH
## AFFIRMATIVE DEFENSE

13. The imposition of punitive damages on the facts alleged in the Complaint would violate due process clauses of the Constitutions of the United States and the State of New York.

## AS AND FOR HIS SIXTH
## AFFIRMATIVE DEFENSE

14. The imposition of punitive damages on the facts alleged in the Complaint would violate the excessive fines clause of the Constitution of the State of New York.

## AS AND FOR HIS SEVENTH
## AFFIRMATIVE DEFENSE

15. Each of the causes of actions are time-barred, in whole or in part, by the applicable statue of limitations and/or filing deadlines.

## AS AND FOR HIS EIGHTH
## AFFIRMATIVE DEFENSE

16. Should this answering Defendant be found liable to the plaintiff for damages, his liability will be proportionate share of the total liability assigned to all persons liable.

## AS AND FOR HIS NINTH
## AFFIRMATIVE DEFENSE

17. The actions of this answering defendant, if any wrongdoing is found by this Court, involved discretionary decisions which are protected by quasi judicial immunity.

## AS AND FOR HIS TENTH
## AFFIRMATIVE DEFENSE

18. This answering defendant is not liable for the acts of co-defendants in the performance of their criminal justice functions.

## AS AND FOR ELEVENTH
## AFFIRMATIVE DEFENSE

19. This answering defendant is immune from the instant suit and from any liability to plaintiff for damages if found to have acted at all times in respect to plaintiff in good faith, and with an objectively reasonable belief that his actions were lawful and not in violation of any of plaintiff's established constitutional rights.

## AS AND FOR HIS TWELFTH
## AFFIRMATIVE DEFENSE

20. Upon information and belief, plaintiff's Complaint fails to comply with the requirement of the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e.

WHEREFORE, defendant, Matthew Raddemacher, respectfully demands judgment against plaintiff dismissing the Complaint plus costs and disbursements and attorneys' fees of this action, and for such other and further relief as to the Court seems proper.

## JURY DEMAND

Defendant Matthew Raddemacher hereby demands a trial by jury on all issues of fact and damages.

Dated:    June 4, 2012
              Buffalo, New York

                                  /s/ Norman Effman, Esq.
                                  Norman Effman, Esq.
                                  Attorneys for Defendant Raddemacher
                                  18 Linwood Avenue
                                  Warsaw, New York 14569
                                  (585) 786-8450

TO:    EDWARD SIVIN, ESQ.
          Attorneys for Plaintiff
          170 Broadway, Suite 600
          New York, New York 10038
          (212) 349-0300

CC:    JOSEPH LaTONA, ESQ.
          Attorney for Defendant, Hibsch

          JOEL L. DANIELS, ESQ.
          Attorney for Defendant, Swack

          CHERYL MEYERS BUTH, ESQ.
          Attorney for Defendant, Warner

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

GEORGE WILLIAMS,

        Plaintiff

v.                                            Case No.: 12-cv-01552

KEITH SWACK, SEAN WARNER,
MATTHEW RADDEMACHER AND
ERIC HIBSCH,

        Defendants.
_____

## CERTIFICATE OF SERVICE

I, SUSAN T. ULM, hereby certify that on June 4, 2012, I electronically filed the foregoing Answer with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

EDWARD SIVIN, ESQ.
Attorneys for Plaintiff

JOSEPH LaTONA, ESQ.
Attorney for Defendant, Hibsch

JOEL L. DANIELS, ESQ.
Attorney for Defendant, Swack

CHERYL MEYERS BUTH, ESQ.
Attorney for Defendant, Warner

                                      /s/ Susan T. Ulm
                                      Susan T. Ulm