UNITED STATES DISTRICT COURT                    <u>For Online Publication Only</u>
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GEORGE WILLIAMS,

                         Plaintiff,          <u>**REPORT AND**</u>
                                                                                  <u>**RECOMMENDATION**</u>
    -against-
                                                                         12–CV–1552 (CBA)
KEITH SWACK, SEAN WARNER, MATTHEW
RADDEMACHER, and ERIC HIBSCH,

                         Defendants.
-------------------------------------------------------------------X

A P P E A R A N C E S :

Edward Sivin, Esq.
Glenn D. Miller, Esq.
170 Broadway, Suite 600
New York, NY 10038
        *Attorneys for Plaintiff*

Joel L. Daniels, Esq.
42 Delaware Avenue, Suite 700
Buffalo, NY 14202
        *Attorney for Defendant Keith Swack*

Cheryl Meyers Buth, Esq.
403 Main Street, Suite 716
Buffalo, NY 14203
        *Attorney for Defendant Sean Warner*

Norman Effman, Esq.
18 Linwood Avenue
Warsaw, NY 14569
        *Attorney for Defendant Matthew Raddemacher*

Joseph M. LaTona, Esq.
403 Main Street, Suite 716
Buffalo, NY 14203
        *Attorney for Defendant Eric Hibsch*

**AZRACK, United States Magistrate Judge:**

On March 21, 2012, plaintiff George Williams filed a verified complaint (the "Complaint") against defendants Keith Swack, Sean Warner, Matthew Raddemacher, and Erik Hibsch (collectively, "defendants") in New York State Supreme Court for Kings County. Compl., Williams v. Swack et al., No. 988/12 (N.Y. Sup. Ct., Kings Cty.), ECF No. 1. In his Complaint, plaintiff alleges (1) pursuant to 42 U.S.C. § 1983, violations of the Fourth, Eighth, and Fourteenth Amendments; (2) battery; and (3) intentional infliction of emotional distress. Compl. On March 29, 2012, Hibsch filed a notice of removal to this District (the "Eastern District") with all defendants' consent. Notice of Removal, ECF No. 1. Plaintiff did not oppose removal.

Presently before the Court is Warner's motion, which Raddemacher, Hibsch, and Swack join, to transfer venue to the United States District Court for the Western District of New York (the "Western District"). ECF Nos. 12–16; Feb. 27, 2013 Order. On July 26, 2012, Chief Judge Carol Bagley Amon referred this matter to me for a Report and Recommendation. July 26, 2012 Order. For the reasons discussed below, I respectfully recommend that the Court grant defendants' motion.

## I.     BACKGROUND

### A.     The Complaint

Plaintiff alleges the following, which I assume is true for purposes of adjudicating this motion.

On August 9, 2011, plaintiff was incarcerated at the Attica Correctional Facility ("Attica"), which is located in the Western District and which the New York Department of Corrections and Community Supervision ("DOCCS") administers. Compl. ¶ 2. Before being

incarcerated, plaintiff resided in Kings County.  Pl.'s Aff. Opp'n Mot. Transfer Venue ("Pl. Aff.") at 1, ECF No. 22–4.

Defendants were DOCCS employees, working as corrections officers at Attica.  Id. ¶¶ 3–6.

On August 9, 2011, defendants, acting within the scope of their employment, attacked plaintiff without justification.  Id. ¶ 11. Defendants punched and kicked plaintiff multiple times in the head and body, slammed him against a wall, threw him down a stairway, and shouted racial epithets at him.  Id. ¶¶ 12, 14.  Plaintiff suffered physical and psychological injuries as a result of the attack.  Id. ¶ 15.

Plaintiff received treatment for his injuries, including a fractured scapula, fractured orbit, fractured fibula, and ligamentous ankle injury, at Erie County Medical Center and Warsaw General Hospital, both in the Western District.  See Aff. of Cheryl Meyers Buth Supp. Mot. Transfer Venue ("Buth Aff.") ¶¶ 21, 24, ECF No. 12

After the attack, defendants knowingly wrote false statements and reports accusing plaintiff of various crimes, offenses, and rule violations.  Compl. ¶¶ 16–17.  Because of these reports, DOCCS took disciplinary measures against plaintiff, including placing plaintiff in a punitive Special Housing Unit ("SHU").  Id. ¶ 20.

### B.   **Subsequent Events**

Defendants have been suspended without pay since August or September 2011.  Compare Buth Aff. ¶ 27 with Buth Reply Aff. Supp. Mot. Transfer Venue ("Buth Reply Aff.") ¶ 9, ECF No. 24.

On approximately December 13, 2011, a grand jury in Wyoming County, New York, returned an indictment charging defendants with first degree gang assault, fourth degree

conspiracy, tampering with physical evidence, official misconduct, and first degree offering a false instrument for filing.  See Buth Suppl. Aff. Supp. Mot. Transfer Venue ("Buth Suppl. Aff.") ¶ 6 n.1, ECF No. 16; Buth Aff. Supp. Mot. Stay Discovery ¶ 11, ECF No. 28.  This indictment was subsequently dismissed without prejudice due to a Kastigar violation.  Buth Reply Aff. ¶ 10; see Kastigar v. United States, 406 U.S. 441 (1972).

DOCCS released plaintiff from custody on approximately January 4, 2012.  For approximately two months thereafter, plaintiff resided in Kings County and received medical treatment at Kings County Hospital Center for his continuing injuries.  Pl. Aff. at 1–2.

On approximately March 2, 2012, plaintiff was sentenced to incarceration at South Woods State Prison in Bridgetown, New Jersey for a parole violation.  Id. at 2.  While incarcerated there, plaintiff underwent treatment with a social worker (Willie Mae Kent) and two psychiatrists (Drs. Xiaozhou Shang and Meroujan Maljian).  Id.; Pl.'s Mem. of L. Opp'n Mot. Transfer Venue ("Pl. Opp'n") at 17–18, ECF No. 23.

The New Jersey Department of Corrections released plaintiff from custody on approximately October 15, 2012.  Pl. Aff. at 2.

As a condition of his release, plaintiff must, until April 2014, at the earliest, remain enrolled in an Intense Supervision Program (ISP) that prohibits him from leaving New Jersey without permission.  Id.

Plaintiff is unemployed, has no savings, and lacks independent means of support.  Id.

On approximately January 23, 2013, a grand jury in Wyoming County, New York re-indicted Raddemacher, Swack, and Warner.

Defendants and their lawyers reside and/or work in the Western District.  Buth Aff. ¶ 21.

On January 9, 2013, Warner moved to stay discovery pending resolution of the related criminal case against Raddemacher, Swack, and Warner.[1]  See ECF Nos. 28–29.  On January 25, 2013, I granted the motion in part, staying discovery until resolution of the instant motion.  Jan. 25, 2013 Order.

## II.    DISCUSSION

### A.  Standard

 "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C § 1404(a).  The statute's purpose "is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  Schwartz v. Marriott Hotel Servs., Inc., 186 F. Supp. 2d 245, 248 (E.D.N.Y. 2002) (internal quotation marks omitted).

The movant must make a threshold showing that the plaintiff could have brought the case initially in the proposed transferee forum.  Merkur v. Wyndham Int'l, Inc., No. 00–CV–5843, 2001 WL 477268, at *1 (E.D.N.Y. Mar. 30, 2001).  Next, the movant must show that transfer would promote the convenience of the parties and witnesses and the interest of justice.  Id. (citing 28 U.S.C. § 1404(a); Baker v. Bennett, 942 F. Supp. 171, 175–76 (S.D.N.Y. 1996)).  Among the factors the court should consider are:  (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the district court's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum;

---

[1]  Wyoming County Judge Michael F. Griffith has scheduled a Kastigar hearing for mid-August 2013.

and (9) trial efficiency and the interest of justice.  Schwartz, 186 F. Supp. 2d at 248; see also
New York Marine & Gen. Ins. Co. v. Lafarge North America, Inc., 599 F.3d 102, 112 (2d Cir.
2010).  No one factor is dispositive.  Schwartz, 186 F. Supp. 2d at 248.

If the moving party produces clear and convincing evidence that that the balance of factors
favors transfer, the court may use its discretion to grant the motion.  See New York Marine &
Gen. Ins. Co., 599 F.3d at 113; see also Merkur, 2001 WL 477268, at *2 (stating that movant
bears burden of making "clear-cut showing" that transfer is in the best interest of the litigation).
The movant "must support the application with an affidavit containing detailed factual
statements relevant to the factors the Court considers when deciding a motion to transfer venue."
Schwartz , 186 F. Supp. 2d at 248 (citations omitted).  "[M]otions to transfer are within the broad
discretion of the district court and are determined upon notions of convenience and fairness on a
case-by-case basis."  In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992).

**B.  Plaintiff Could Have Brought This Action in the Western District**

Federal question jurisdiction exists, pursuant to 28 U.S.C. § 1331, because plaintiff
alleges that defendants violated his federal civil rights, including his rights under the Fourth,
Eighth, and Fourteenth Amendments.  Notice of Removal ¶ 4.

While venue in the Eastern District is proper because defendants removed the action to
the Eastern District pursuant to 28 U.S.C. § 1441(a), the relevant inquiry here is whether plaintiff
could have brought this action in the Western District.  See Merkur, 2001 WL 477268, at *1.

Venue in the Western District would be proper for two independent reasons—defendants
reside there, and all of the acts or omissions giving rise to the Complaint occurred there.  See 28
U.S.C. § 1391(b)(1)–(2).

Accordingly, plaintiff could have brought this action in the Western District.

C.  **Other Factors Warrant Transfer**

      1.  **Convenience of the Witnesses**

"Convenience of the witnesses generally is the most important consideration when deciding a motion to transfer venue . . . ."  Schwartz, 186 F. Supp. 2d at 249.  The movant must identify clearly the key witnesses and their expected testimony.  See Orb Factory, Ltd. v. Design Sci. Toys, Ltd., 6 F. Supp. 2d 203, 208–09 (S.D.N.Y. 1998); Audiovox Corp. v. S. China Enter., Inc., No. 11–CV–5142, 2012 WL 3061518, at *7 (E.D.N.Y. July 26, 2012).  "[I]t is not the number of prospective witnesses that determines the appropriateness of a transfer but, rather, the materiality of their anticipated testimony."  Merkur, 2001 WL 477268, at *3.

Here, the parties make arguments concerning three categories of witnesses:  medical personnel, inmates, and prison staff.

      *i.*    *Medical Personnel*

Defendants argue that the Western District would be more convenient for the medical professionals from Attica, Erie County Medical Center, and Warsaw General Hospital, who provided "most" of plaintiff's medical care and might testify concerning plaintiff's physical injuries and treatment.  Buth Aff. ¶ 25.  Defendants name two such Attica nurses and assert that they cannot currently name the other medical professionals because discovery is ongoing.  Id. ¶¶ 21, 24.

In response, plaintiff does not identify which medical professionals from the Western District he expects will testify.  Instead, he argues that any such witnesses could testify via video deposition.  Pl. Opp'n at 14.  Plaintiff also asserts that he will call other witnesses concerning his medical condition who would find the Eastern District more convenient.  Decl. of Edward Sivin Opp'n Mot. Transfer Venue ("Sivin Decl.") ¶ 3, ECF No. 22.  Specifically, plaintiff intends to

call his mother and brother, who are located in the Eastern District, to testify about their observations of his physical limitations before and after his injuries.  Id.  Plaintiff also intends to call staff from New Jersey's South Woods State Prison, including social worker Willie Mae Kent and one of two treating psychiatrists (Dr. Xiaozhou Shang or Dr. Meroujan Maljian), to testify that plaintiff developed PTSD as a result of the incident.  Id.; Pl. Opp'n at 17–18.

Although the parties do not name all of the potential medical witnesses, the Western District is clearly where plaintiff received his primary treatment, including surgery, for several acute physical injuries following the incident.  It therefore seems highly likely that some combination of medical personnel from Attica, Erie County Medical Center, and Warsaw General Hospital, all located in the Western District, will provide most, if not all, of the material testimony concerning plaintiff's physical injuries.  While these medical professionals could theoretically testify via video deposition, such an arrangement would be far from optimal. Moreover, any testimony from plaintiff's family concerning his injuries will likely be less material.

Accordingly, the overall convenience of the medical witnesses weighs in favor of transferring venue.

### ii.    Inmate Witnesses

Defendants argue that they intend to depose all of the approximately fifty-one inmates who were on plaintiff's cell block at the time of the incident (the "Potential Inmate Witnesses"). Buth Reply Aff. ¶ 24; see Incident Report, Sivin Decl. Ex. 1.  Defendants assert, without providing substantiation, that "[a]ll" of these individuals continue to reside at Attica and, therefore, would find the Western District more convenient.  Buth Aff. ¶ 21; Inmate List, Buth Aff. Ex. B; see also Buth Reply Aff. ¶ 24.

Plaintiff argues that defendants fail to identify any Potential Inmate Witnesses they genuinely intend to call at trial.  <u>See</u> Pl. Opp'n at 11.  Furthermore, plaintiff argues that even if defendants were to call these witnesses, defendants make no showing that these witnesses would find the Western District more convenient.  Citing information he obtained online, plaintiff asserts that, contrary to defendants' representation, only three of the Potential Inmate Witnesses remain at Attica, while eighteen are no longer in state custody, and thirty-two have been transferred to other correctional facilities.  <u>Id.</u>  Moreover, plaintiff argues, the three inmates who remain at Attica are unlikely to testify at trial because they told investigators they did not witness any portion of the incident.  <u>Id.</u>; Incident Report.

Plaintiff is not forthcoming concerning which Potential Inmate Witnesses he expects to call, specifying only that inmate Charles Bisesi is "among" the witnesses he intends to call at trial.  Sivin Decl. ¶ 3.  Bisesi, a purported eyewitness to the assault, is currently incarcerated at Green Haven Correctional Facility, which is much closer to the Eastern District.  <u>Id.</u>; Pl. Opp'n at 11.

I take judicial notice that, as of the writing of this Report and Recommendation, it appears that of the fifty-one Potential Inmate Witnesses, (1) twenty-three remain incarcerated—one at Attica, fourteen at correctional facilities closer to the Western District, four (including Bisesi) at correctional facilities closer to the Eastern District, and four equidistant between the Eastern and Western Districts; (2) twenty-seven have been released, and I do not know where they reside; and (3) one is "not on file" with DOCCS.  DOCCS Inmate Population Information Search Website, http://nysdoccslookup.doccs.ny.gov/are.

I am willing to credit defendants' assertion that they wish to depose all fifty-one of the Potential Inmate Witnesses.  Further, I understand, given the early stage of discovery, that defendants may not yet know which of these witnesses is likely to offer material testimony.

However, I lack sufficient information to determine which venue would be more convenient overall for the inmate witnesses.  Of the twenty-three Potential Inmate Witnesses who remain incarcerated, most are closer to the Western District.  Bisesi, who will likely provide material testimony, is closer to the Eastern District, but plaintiff skirts the question of whether he intends to call inmate witnesses besides Bisesi.  Significantly, I do not know the whereabouts of the remaining twenty-eight Potential Inmate Witnesses and, therefore, cannot say which venue would be more convenient for them.  Accordingly, I make no overall determination concerning which forum would be more convenient for the inmate witnesses.

### iii.    Prison Staff

Defendants argue that they intend to depose several prison staff members who were at Attica during and shortly after the incident.  See Buth Aff. ¶ 21; Buth Reply Aff. ¶ 27.  Plaintiff does not state whether he expects prison staff to testify.

It seems likely that at least some prison staff witnesses will offer material testimony concerning the assault and its aftermath, including plaintiff's punitive transfer to the SHU.
I am willing to assume that these prison staff witnesses still work and/or live in the Western District and, therefore, would find the Western District more convenient.

Accordingly, I find that, on the whole, the witnesses' convenience weighs in favor of transferring venue to the Western District.

### 2.   Convenience of the Parties

"A transfer of venue should not merely shift the burden of inconvenience from one party to another."  Schwartz, 186 F. Supp. 2d at 250.

If the Court grants the motion, plaintiff and his lawyer will need to travel to the Western District, which would be all the more onerous because of the ISP that prohibits plaintiff from leaving New Jersey without permission.  See Pl. Aff. at 2.  However, plaintiff does not argue that the New Jersey Department of Corrections would deny him permission to participate in the case.

In contrast, if the Court denies the motion, all four defendants and their lawyers will need to travel from Western New York to Brooklyn.

Because there are four defendants and only one plaintiff, I find that this factor weighs slightly in favor of transfer.

### 3.   Locus of Operative Facts

"Courts routinely transfer cases when the principal events occurred and the principal witnesses are located in another district."  In re Nematron Corp. Secs. Litig., 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998); see also Viacom Int'l, Inc. v. Melvin Simon Prod., 774 F. Supp. 858, 867 (S.D.N.Y. 1991) (same).

The parties do not dispute that the operative events occurred in the Western District. Accordingly, this factor weighs heavily in favor of transfer.

### 4.   Availability of Process to Compel Unwilling Witnesses

Federal Rule of Civil Procedure 45(b)(2) provides that a subpoena may be served "outside [the] district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection.  Fed R. Civ. P. 45(b)(2).  Where the movant fails to present evidence that its witnesses would be unwilling to testify, the ability to compel the attendance of witnesses is not a factor in the transfer-of-venue analysis.  See Brozoski v. Pfizer, Inc., No. 00–CV–4215,

2001 WL 618981, at *4 (S.D.N.Y. June 6, 2001) (citing Soto v. Bey Transp. Co., Nos. 95–CV–

9329, 97–CV–1446, 96–CV–3142, 97–CV–1177, 1997 WL 407247 (S.D.N.Y. July 21, 1997)).

Neither defendants nor plaintiff present evidence that their witnesses would be unwilling

to testify; defendants only speculate that if trial proceeds in the Eastern District, some of their

medical or expert witnesses "may either choose not to appear  . . . or charge a great deal more."

Buth Aff. ¶ 28.

This factor is, therefore, irrelevant to deciding defendants' motion.[2]

### 5. Location of Relevant Documents and Relative Ease of Access to Sources of Proof

Under this factor, courts assess which forum would be more conducive to accessing

evidentiary objects, such as documents.  Given modern technological capacity for transmitting

documents, this factor has become less important.  See Aerotel Ltd. v. Sprint Corp., 100 F. Supp.

2d 189, 197 n.9 (S.D.N.Y. 2000) (citation omitted).  To present facts that would make this factor

relevant, the moving party must explain the nature, extent, volume, or relevance of the

documents in question.  See Pall Corp. v. PTI Technologies, Inc., 992 F. Supp. 196, 200

(E.D.N.Y. 1998).

Here, the parties present no arguments concerning the volume of the relevant documents

and whether transmitting them electronically would be unduly burdensome.  See Buth Aff. ¶ 21.

Pl. Opp'n at 5, 17–18.

Accordingly, I find that this factor is largely irrelevant to deciding defendants' motion.

---

[2]   Nevertheless, I note that most of the witnesses the parties mention in their papers—particularly those who work at DOCCS, Erie County Medical Center, and Warsaw General Hospital—are within the Western District's, but not the Eastern District's, subpoena power.  Furthermore, the social worker and psychiatrist plaintiff intends to call from New Jersey's South Woods State Prison, which is approximately 140 miles from Brooklyn, are outside the subpoena power of both the Eastern and Western Districts.

### 6.   The Relative Means of the Parties

A court may consider the parties' relative financial means if a disparity exists between them, such as when an individual sues a corporation.  See In re Nematron Corp. Secs. Litig., 30 F. Supp. 2d at 405.  Any party that claims financial hardship must provide supporting evidence. See Seltzer v. Omni Hotels, No. 09–CV–9115, 2010 WL 3910597, at *5 (S.D.N.Y. Sept. 30, 2010).

In this case, all the parties claim financial hardship.

Defendants assert that because they have been suspended without pay since August or September 2011, the cost of traveling to the Eastern District would present a significant hardship. Buth Aff. ¶¶ 20, 27; Buth Repy Aff. ¶ 9.  They also argue that maintaining venue in the Eastern District would impose financial hardship on their lawyers, and that certain medical or expert witnesses "may" charge more to travel to the Eastern District.   Buth Reply Aff. ¶ 28. Additionally, defendants suggest that plaintiff must be employed full-time because his ISP so requires as a condition of his release.  See ISP Conditions and Waiver of Extradition, Pl. Aff. Ex. 8; Buth Reply Aff. at 15.

Plaintiff, in turn, asserts that he is unemployed as of October 19, 2012, has no savings, and cannot rely on his mother for financial support.  Pl. Aff. at 2–3.

Defendants provide no documentation to support their claims of financial hardship, as is their burden.  See Schwartz, 186 F. Supp. 2d at 248.  Their suspension without pay, standing alone, is insufficient to weigh this factor in their favor, and their speculation about witness costs is irrelevant.   While plaintiff may secure full-time employment by the time trial begins, his affidavit supports his claim of financial hardship.

Accordingly, this factor weighs against transfer.

### 7.  District Court's Familiarity with Governing Law

In his Complaint, plaintiff asserts causes of action under federal and New York law that the Eastern and Western Districts are equally capable of adjudicating.

Accordingly, this factor is neutral.

### 8.  Weight Accorded to Plaintiff's Choice of Forum

Courts generally should not disturb a plaintiff's choice of forum unless other factors weigh strongly in favor of transferring venue.  See In re Nematron Corp. Secs. Litig., 30 F. Supp. 2d at 405; Berman v. Informix Corp., 30 F. Supp. 2d 653, 656 (S.D.N.Y. 1998) ("[I]n considering the motion for transfer, a court should not disturb a plaintiff's choice of forum unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice.") (internal quotation marks omitted); see also Merkur, 2001 WL 477268, at *3.  However, a plaintiff's choice of forum "will be accorded less weight where the plaintiff's chosen forum is neither [his] home nor the place where the operative factors of the action occurred."  Merkur, 2001 WL 477268, at *3.

The Eastern District, though plaintiff's home when he commenced suit, has no material connection to this action.  The assault, as well as most of plaintiff's medical care in its aftermath, occurred in the Western District.  More importantly, the Western District would, on balance, be more convenient for the material witnesses and the parties.  These considerations overcome the deference I would otherwise afford plaintiff's wish to proceed in the Eastern District.

### 9.  Trial Efficiency and Interest of Justice

Plaintiff argues that the jury pool in the Western District will be prejudiced against him, both because the media have covered the case and because the jury pool will include individuals

who have connections to Attica or other New York State correctional facilities.  Pl. Opp'n at 18–19.

Plaintiff, however, does not show that the media have portrayed him prejudicially.  More importantly, he makes no argument concerning why the <u>voir dire</u> process in the Western District would fail to eliminate biased prospective jurors.  I find, therefore, that plaintiff's arguments concerning juror bias lack merit.

This Court has not devoted significant time or resources in this case.  Further, the Court has stayed discovery pending the outcome of the criminal proceedings against defendants.  June 5, 2012 Order.  ECF No. 10.  Accordingly, transfer to the Western District would not hinder efficient resolution of plaintiff's case.

I find that the balance of the relevant factors weighs in favor of transferring venue to the Western District.  As discussed above, the overall convenience of the witnesses strongly favors transfer because the prison staff witnesses, and most of the medical witnesses, would find the Western District more convenient.  The convenience of the parties also weighs slightly in favor of transfer because the four defendants and their lawyers would find the Western District more convenient, whereas the sole plaintiff does not show that the New Jersey Department of Corrections would deny him permission to participate in the case.  Moreover, the Western District is where plaintiff suffered the assault and received most of the medical care for his resulting injuries, whereas the Eastern District bears no material connection to this action—a contrast that weighs heavily in favor of transfer.  These considerations overcome the deference I would otherwise afford plaintiff's choice of forum, particularly because plaintiff makes no showing that maintaining venue in the Eastern District would promote trial efficiency or the interest of justice.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, I respectfully recommend that the Court grant defendants'

motion to transfer venue to the Western District.

Any objections to this Report and Recommendation must be filed on ECF within fourteen

(14) days of receipt of this Report and Recommendation.   Failure to file objections within the

specified time waives the right to appeal the District Court's order.   <u>See</u> 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 6(a), 72.


SO ORDERED.

Dated: June 13, 2013
Brooklyn, New York


_____/s/_____
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE