UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GEORGE WILLIAMS,

                Plaintiff,

            -against-

KEITH SWACK et al.,

                Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-cv-1552 (CBA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 26 2013 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge.**

      Plaintiff Williams brings this action against defendants Keith Swack, Sean Warner, Matthew Raddemacher, and Erik Hibsch (collectively, "defendants") pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Fourth, Eighth, and Fourteenth Amendment rights, as well as claims for battery and intentional infliction of emotional distress. Defendants were corrections officers at Attica Correctional Facility ("Attica"), where plaintiff was incarcerated in August 2011 and which is located in Wyoming County within the Western District of New York. According to plaintiff, the defendants physically attacked plaintiff without justification and then wrote false statements and reports falsely accusing plaintiff of offenses and rule violations. (See Compl. ¶¶ 11-21.)

      On July 16, 2012, Warner filed a motion to transfer venue to the United States District Court for the Western District of New York, which Raddemacher, Hibsch, and Swack joined. On June 13, 2013, the Honorable Joan M. Azrack, United States Magistrate Judge, issued a comprehensive Report and Recommendation ("R&R") recommending that the Court grant defendants' motion to transfer venue. Plaintiff filed timely objections to Magistrate Judge Azrack's R&R.

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court reviews de novo the portions of an R&R to which a party has objected and reviews those portions not objected to for clear error. Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010); Manigaulte v. C.W. Post of Long Island Univ., 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009). Plaintiff has not objected to Magistrate Judge Azrack's statement of applicable law, but contends that she "overlooked and/or gave short shrift to various factors, that, properly considered, compel a denial of a change of venue." (See Pl's Objs. at 1.) Specifically, plaintiff argues that Magistrate Judge Azrack erred in her consideration of three factors: the convenience of the witnesses, the convenience of the parties, and the relative means of the parties. The Court has conducted a de novo review of the venue analysis with respect to these factors, as well as the relative weight accorded them, and finds plaintiff's objections unavailing for the same reasons set forth in the R&R.

The Court adopts Magistrate Judge Azrack's R&R as the opinion of the Court. Defendants' motion to transfer venue is granted, and the Clerk of Court is directed to transfer this action to the Clerk of the United States District Court for the Western District of New York.

SO ORDERED.

Dated: September 24, 2013
Brooklyn, N.Y.

S/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

2