UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGE WILLIAMS,

                        Plaintiff,                  **DECISION AND ORDER**

v.

                                                    13-CV-00974(S)(M)

KEITH SWACK,
SEAN WARNER,
MATTHEW RADDEMACHER and
ERIK HIBSCH,

                        Defendants.
_____

        This action has been referred to me by District Judge William M. Skretny for supervision of pretrial proceedings [40].[1]  Before me are motions by defendants Sean Warner, Matthew Raddemacher and Erik Hibsch for a continuation of the stay of proceedings in this action pending the conclusion of a criminal investigation [57, 58, 59].  Plaintiff opposes the motions [60].  Oral argument was held on May 11, 2015 [61].  For the following reasons, the motions are denied.[2]

**BACKGROUND**

        Plaintiff commenced this action in State of New York Supreme Court, Kings County on January 17, 2012, seeking damages under 42 U.S.C. §1983 for an alleged assault by defendants, correctional officers at Attica Correctional facility, on August 9, 2011.  Summons with Notice [1], p. 16 of 28.  On March 29, 2012 defendants removed the action to the United

---

      [1]      Bracketed references are to CM/ECF docket entries.

      [2]      This is a Decision and Order rather than a Report and Recommendation because the grant or denial of a stay is nondispositive. Steuben Foods, Inc, v. GEA Process Engineering, Inc., 2015 WL 1014588, *1, n. 2 (W.D.N.Y. 2015).

States District Court for the Eastern District of New York [1].  On June 5, 2012 Magistrate Judge Joan Azrack stayed all discovery (other than medical authorizations) pending resolution of criminal proceedings against defendants [10], and the action was transferred to this district on September 26, 2013 [39].

On March 2, 2015 defendants Swack, Raddemacher and Warner pled guilty to a charge of official misconduct, a Class A misdemeanor under New York Penal Law §195.00(1), were sentenced to a conditional discharge, and resigned their positions as correctional officers. Meyers Buth Affidavit [57], ¶15.[3]  Allegedly as a result of adverse publicity and calls for a further investigation (id., ¶¶19-21), counsel for defendant Warner "subsequently contacted federal authorities and learned that an AUSA has been assigned to the case and a criminal investigation has been opened.  Deponent, however, was unable to obtain any information about the time frame or scope of the investigation or likelihood that federal criminal charges would be brought against these defendants".  Id., ¶22.

Defendants blame plaintiff for their predicament, arguing that they "are potential targets of a federal investigation which [they] believe was initiated, in part, because of Plaintiff's cooperation with the press and his comments about the subject matter of this lawsuit . . . . Upon information and belief, the US Attorney's Office had absolutely no involvement in this case until after the media coverage and public calls for the Office of Civil Rights to investigate".  Id., ¶¶44-45.  They note that "[i]f the Court lifts the stay the Defendants are faced with a classic Hobson's choice: to either assert their Fifth Amendment privilege and have a negative inference drawn in

---

[3] Following an arbitration hearing, defendant Hibsch has been reinstated to his position as a correctional officer at Attica. Id., ¶16.

the civil trial, or, provide answers in discovery proceedings and risk of those responses being used to incriminate them in the pending federal criminal investigation". Id., p. 19.

Defendants suggest either that the stay continue until the five-year federal statute of limitations expires in approximately 15 months (id., ¶31),[4] or that only non-party discovery be allowed at this time. Id., p. 19. Plaintiff opposes both suggestions, counsel stating at oral argument that he has little need for additional non-party discovery, and wishes to proceed with defendants' depositions.

## ANALYSIS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants . . . . How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96-97 (2d Cir. 2012). "The person seeking a stay bears the burden of establishing its need." Id. at 97.

In determining whether to stay civil proceedings in view of pending criminal proceedings, "[t]he district courts of this Circuit . . . have often utilized a six-factor balancing test first set forth by then-district court judge Chin: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding

---

[4] Although the Meyers Buth Affidavit said 16 months, that Affidavit was filed a month ago.

expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." Id. at 99.

While not mandating that each court consider all of these factors, the Second Circuit has stated that "[w]ere we forced to choose . . . we would likely prefer Judge Chin's six-part formulation because it explicitly considers the degree to which the issues in the civil and criminal proceedings overlap". Id. at 100, n. 14.  Accordingly, each of these factors will be considered:

**1.    The extent to which the issues in the criminal case overlap with those presented in the civil case -** At this point there is no criminal case pending, and defendants have been "unable to obtain any information about the time frame for scope of the investigation". Meyers Buth Affidavit [57], ¶22.  As plaintiff points out, "since defendants allege that the purported DOJ investigation of Attica is not limited to allegations of civil rights violations against [plaintiff], presumably the DOJ is also is investigating claims of abuse against other Attica inmates.  Carrying defendants' argument to its logical extreme therefore would require a stay of all pending lawsuits brought by Attica inmates alleging excessive force or other civil rights violations against Attica corrections officers." Plaintiff's Memorandum of Law [60], p. 4, n. 3.

**2.    The status of the case, including whether the defendants have been indicted -** Although defendants suggest that "there is no hard and fast rule that requires a

defendant to be under indictment before the Court may consider imposing a stay" (Meyers Buth Affidavit [57], ¶29), "[p]re-indictment requests for a stay of civil proceedings are generally denied". United States Commodity Futures Trading Commission v. A.S. Templeton Group, Inc., 297 F. Supp.2d 531, 534 (E.D.N.Y. 2003); Securities and Exchange Commission v. Wheeler, 2011 WL 4745048, *2 (W.D.N.Y. 2011) (Siragusa, J.). *See also* Citibank, N.A. v. Hakim, 1993 WL 481335, *1 (S.D.N.Y. 1993) ("Although defendant Hakim allegedly is a target of a continuing grand jury investigation, he does not claim to have been indicted. Accordingly, Hakim's pre-indictment motion to stay can be denied on this ground alone").

**3.     The private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay -** This action has already been stayed for nearly three years, meaning that "the balance of interests does not favor a stay. Plaintiff . . . may face substantial prejudice from a stay because it will be denied its right to speedy discovery and resolution of this dispute . . . . [T]he memories of the witnesses and parties may fade over time". Citibank, 1998 WL 481335, *2; *see also* Perkins v. Rock, 2014 WL 4988224, *4 (N.D.N.Y. 2014) ("further delay in the proceedings . . . may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence").

**4.     The private interests of and burden on the defendants -** While defendants complain of the "Hobson's choice" which they may face if a stay is not granted, it is well settled that "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege". Louis Vuitton, 676

F.3d at 98. *See also* Citibank, 1193 WL 481335, *2 ("defendant has argued that he will be forced to choose between testifying or asserting his Fifth Amendment privilege, and, in turn, either risking self-incrimination or adverse inferences and a diminished ability to defend against the civil claims asserted against him. Such a predicament will not alone justify a stay of civil discovery").

      **5.**     **The interests of the courts -** "The fifth factor in determining whether a stay should be granted contemplates the interests of the Court. The Court has a strong interest in keeping litigation moving to conclusion without unnecessary delay." In re CFS-Related Securities Fraud Litigation, 256 F.Supp.2d 1227, 1241 (N.D.Okla. 2003). "The convenience to the court weighs against a stay because it is unrealistic to postpone indefinitely the pending action until criminal charges are brought or the statute of limitations has run for all crimes conceivably committed by [defendant]." Citibank, 1993 WL 481335, *2.

      **6.**     **The public interest -** "The sixth, and final, factor involves an evaluation of the public's interest in the propriety of granting a stay. The public has an interest in both the prompt resolution of civil cases as well as the prosecution of criminal cases." In re CFS, 256 F.Supp.2d at 1242.

## CONCLUSION

For these reasons, defendants' motions [57, 58, 59] for a continuation of the stay of proceedings in this action are denied, without prejudice to their right to seek a further stay in

the event that criminal charges are instituted against them. Even then, however, a stay will not be automatic.[5]

**SO ORDERED**.

Dated: May 12, 2015

/s/ Jeremiah J. McCarthy<br>
JEREMIAH J. MCCARTHY<br>
United States Magistrate Judge

---

[5] "A district court may stay civil proceedings when related criminal proceedings are imminent or pending, and it will sometimes be prudential to do so . . . . But the Constitution rarely, if ever, *requires* such a stay." Louis Vuitton, 676 F.3d at 98 (emphasis in original).