UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GEORGE WILLIAMS,                                    **DECISION AND ORDER**

                                    Plaintiff,      13-CV-00974-WMS-JJM

v.

KEITH SWACK, SEAN WARNER,
MATTHEW RADDEMACHER and
ERIK HIBSCH,

                                    Defendants.

_____

   This action has been referred to me by District Judge William M. Skretny for

supervision of pretrial proceedings [40].[1]  Before me are the remaining portions of plaintiff

George Williams's motion to compel discovery [80].  For the following reasons, the remaining

portions of plaintiff's motion to compel are denied, with the exception of plaintiff's request for

an award of attorney's fees.


## BACKGROUND

   The parties' familiarity with the factual allegations of this case, which are detailed

in my June 29, 2016 Decision and Order [100], is presumed.  Plaintiff's motion to compel [80]

initially sought responses to his First Sets of Interrogatories, production of certain documents

responsive to his First Requests for Production of Documents, and an award of attorney's fees

incurred in connection with the motion.    At the March 28, 2016 oral argument I granted

plaintiff's motion to the extent that it sought to compel responses to his First Sets of

Interrogatories, and directed defendants to provide "complete answers to plaintiff's First Sets of

Interrogatories, subject to any Fifth Amendment privilege".  March 29, 2016 Text Order [97].  I

_____

[1]  Bracketed references are to the CM/ECF docket entries.

also stated that "[p]ending resolution of plaintiff's motion to compel [30], including the

sufficiency of defendants' interrogatory responses, I will reserve decision on plaintiff's request

for attorney's fees".  March 29, 2016 Text Order [97].  By Decision and Order dated June 29,

2016 [100], I granted in part and denied in part that portion of plaintiff's motion to compel

seeking responses to his First Requests for Production of Documents, and I deferred my

determination of the remaining portions of the motion pending receipt of the interrogatory

responses of defendants Matthew Rademacher,[2] Erik Hibsch, and Keith Swack, which have now

been produced.

## ANALYSIS

**A.     Sufficiency of Defendants' Interrogatory Responses**

Defendants provide generally uniform responses to plaintiff's First Sets of

Interrogatories.  No defendant asserts a Fifth Amendment privilege in response to any

interrogatory.  Although defendants assert some objections to plaintiff's interrogatories in

contravention to my directive that they provide "complete answers", they nevertheless respond to

each of the interrogatories.  Therefore, I conclude that defendants have sufficiently complied

with my March 29, 2016 Text Order [97].

**B.     Plaintiff's Request for Attorney's Fees**

Fed. R. Civ. P. ("Rule") 37(a)(5)(A) requires reasonable expenses to be awarded

if a motion to compel is granted or where discovery responses are provided after a motion to

compel is filed unless the movant failed to attempt to avoid motion practice, the non-movant was

substantially justified in its position, or an award of sanctions under the circumstances would be

unjust.

---

[2]      Although he is identified as "Raddemacher" in the Complaint, his papers spell it "Rademacher".

"When a dispute involves differing interpretations of the governing law, opposition is substantially justified unless it involves an unreasonable, frivolous or completely unsupportable reading of the law . . . . Such a lenient standard is necessary given the fact that attorneys must advocate for their clients." Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 265 (S.D.N.Y. 1995).  As set forth in in my June 29, 2016 Decision and Order [100] I was not entirely persuaded by the authorities cited by defendants in support of their opposition to that portion of plaintiff's motion seeking responses his  First Requests for Production of Documents.   However, I do not find their position in response to that portion of the motion to be "an unreasonable, frivolous or completely unsupportable reading of the law". Id.  Therefore, I conclude that plaintiff is not entitled to an award of attorney's fees for this portion of his motion.

However, I reach a different conclusion with respect to the portion of plaintiff's motion seeking to compel responses to his First Sets of Interrogatories.  Defendants offered no opposition to that portion of plaintiff's motion, nor did they explain why they failed to timely respond.   Although defendants have since responded to plaintiff's First Sets of Interrogatories, "Rule 37(a) explicitly states [that]  belated compliance does not insulate a party from sanctions". Underdog Trucking, L.L.C. v. Verizon Services Corp., 273 F.R.D. 372, 379 (S.D.N.Y. 2011).  At the conclusion of all proceedings in the case, I will, on application from plaintiff, consider the amount of attorney's fees that should be awarded. See Green v. St. Vincent's Medical Center, 252 F.R.D. 125, 130 (D. Conn. 2008) (granting motion to compel, but deferring consideration of attorney's fees until the conclusion of the case).  Defendants are cautioned that any future failures to timely comply with their discovery obligations may lead to an award of additional or enhanced expenses.

## CONCLUSION

For these reasons, the remaining portions of plaintiff's motion to compel [80] are denied, with the exception of plaintiff's request for an award of attorney's fees.  I will defer consideration of the amount of attorney's fees to be awarded pending an application by plaintiff at the conclusion of the case.

**SO ORDERED**.

Dated:   September 6, 2016

_____
Jeremiah J. McCarthy
United States Magistrate Judge